**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ROBERT BELL**                                                                 **PLAINTIFF**

**v.**                                              **No. 4:05CV154-P-A**

**DELTA CORRECTIONAL FACILITY, ET AL.**                **DEFENDANTS**

**ORDER OF DISMISSAL**

The *pro se* prisoner plaintiff Robert Bell, inmate number 03-4520, housed at the Delta Correctional Facility, filed a complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

The court must ensure that the plaintiff has exhausted his administrative remedies before examining the merits of the plaintiff's claims. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). In this case the plaintiff acknowledges that he has not attempted to use the grievance process, arguing that he has not been given a grievance form. This argument is without merit, as inmates may submit handwritten grievances in lieu of the form provided at the institution.

---

[1] 28 U.S.C. § 1915(g).

Thus, this case is hereby **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

This, the 22nd day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE